U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

DEC 1 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MILES ORLANDO LEE | DOCKET NO: 07-CV-1718 |
| VERSUS | JUDGE DRELL |
| COUNSELOR BURKE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Miles Orlando Lee, filed *in forma pauperis* on October 16, 2007. Lee is currently incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Plaintiff names as defendants Counselor Burke, Deputy Warden Endfield, Lt. Bowers, Supervisor Guillory, Ms. Hughes, and Captain Marques. He raises claims of retaliation, improper medical care, and unconstitutional conditions of confinement.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### STATEMENT OF THE CASE

Plaintiff claims that the defendants retaliated against him for engaging in a hunger strike. Specifically, he claims that the following acts were done in retaliation: Defendant Burke refuses to provide Plaintiff with administrative remedy procedure forms; Mr. Bowers delayed in providing Plaintiff with certain personal property; Ms. Guillory refused to correct his time computation;

Ms. Hughes placed Plaintiff on suicide status after Plaintiff expressed suicidal feelings; and, Mr. Marques refused to let Plaintiff speak with his "liaisons," as Plaintiff states he is a government witness in some other case.

Plaintiff also complains about certain conditions of his confinement. He alleges that Ms. Endfield had him sleep on floor and use the bathroom in trash bags while housed in the SHU. He also claims that Endfield is responsible for inmates being allowed to reheat food in a contaminated microwave. Plaintiff claims that Mr. Bowers is responsible for inmates sleeping on mattresses that are torn and, therefore, cannot be properly cleaned.

Additionally, Plaintiff alleges that Ms. Endfield is responsible for denying Plaintiff medication on some occasion and for Plaintiff receiving another inmate's medication.

## LAW AND ANALYSIS

I. RETALIATION

Plaintiff argues that the alleged actions of the defendants were all in retaliation for Plaintiff engaging in a hunger strike. First, to state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Rosas v. Rodriguez, 2006 WL 1877282, 1 (5th Cir. 2006)(citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th

Cir.1999)).

In reading Plaintiff's complaint liberally, it appears that he claims defendants are retaliating against Plaintiff exercising his "right" to a hunger strike. A hunger strike may be protected by the First Amendment if it was intended to convey a particularized message. See Texas v. Johnson, 491 U.S. 397, 404 (1989). However, as long as other reasonable and effective means of communication remain open and no discrimination in terms of content is involved, prison officials are accorded latitude in fashioning restrictions on time, place and manner of communications. See id. at 826. In this case, Plaintiff has not alleged that he was trying to convey any particular message whatsoever. Plaintiff has not alleged or shown that his hunger strike qualified as "speech" protected by the First Amendment.

Even if Plaintiff had alleged a specific constitutional right, he has raised nothing more than conclusory allegations of retaliation. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Plaintiff has only expressed conclusory allegations that the defendants had the specific intent to retaliate against Plaintiff for going on hunger strike. He suggests no reason as to why the defendants would wish to retaliate against him for refusing to eat.

Moreover, Plaintiff has not shown a retaliatory adverse act. Not every act by Defendants constitutes a retaliatory adverse act sufficient to state a valid claim under 1983. Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006). In Gibbs v. King, the Fifth Circuit upheld a dismissal, writing that "a single incident, involving a minor sanction, is insufficient to prove [retaliatory] harassment." Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986). "Thus, without explicitly applying a *de minimis* test, [the Fifth Circuit] has refused to recognize retaliation claims based only on allegations of insignificant retaliatory acts." Morris v. Powell, 449 F.3d 682, 685 (5th Cir. 2006). Additionally, Plaintiff cannot establish causation (ie., but for the defendants' retaliatory motive, the complained of incident would not have occurred). Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).

Mr. Burke's refusal to provide Plaintiff with grievance forms is not significant as Plaintiff has not been penalized for failing to exhaust administrative remedies available to him. As for the delay in receiving personal property in the SHU, Plaintiff has not alleged that he suffered any injury from such a delay. The fact that Ms. Hughes placed Plaintiff on suicide status *after Plaintiff expressed that he was feeling suicidal* does not evidence an act of retaliation, but of reasonable precaution. Finally, there is absolutely no evidence that Mr. Marques prevented government officials or "liaisons" from speaking with Plaintiff regarding a

case in which Plaintiff claims he is a government witness. Likewise, Plaintiff has offered no reason why Mr. Marques would deny Plaintiff such a privilege based on Plaintiff's refusal to eat.

To the extent that Plaintiff claims that his time computation is incorrect and seeks to have it changed, his complaint is not properly before the Court. Challenges to the fact or duration of confinement are to be brought by a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See Jones v. Dretke, 2004 WL 877583, 1 (N.D.Tex. 2004)(citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).

In sum, Plaintiff's retaliation claim is subject to dismissal.

II. CONDITIONS OF CONFINEMENT

Plaintiff also complains of conditions of confinement in the SHU. He alleges that Ms. Endfield had him use the bathroom in trash bags. He also complains that Endfield allows inmates to reheat food in a "contaminated" microwave. Additionally, Plaintiff claims that Mr. Bowers is responsible for mattresses that are torn and cannot be properly cleaned.

"The Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999),

quoting Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). In order to prevail on a conditions of confinement claim, a prisoner must allege facts that suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." Id.

In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless showed "deliberate indifference" to the plaintiff's "health or safety." Id.; see also Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). To show "deliberate indifference," the plaintiff must allege facts (and not conclusory allegations) which demonstrate that the defendants knew of but disregarded a substantial risk of serious harm to his health. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).

Thus, Plaintiff must allege (and ultimately prove) that the conditions complained of - using the bathroom in a garbage bag, inmates being allowed to use a contaminated microwave, and torn mattresses - were "so serious as to deprive him of the minimal measure of life's necessities ...." Woods v. Edwards, 51 F.3d 577,

581 (5th Cir. 1995). Plaintiff complains that inmates are allowed to use a microwave that is allegedly "contaminated" by some inmates who collect officers' tobacco spit and "dry it out" in the microwave in order to smoke it or sell to other inmates. Plaintiff also complains that he had to use the bathroom in a trash bag while he was in the SHU and that the mattresses in the SHU are torn and therefore unable to be cleaned properly. After reading Plaintiff's contentions liberally, Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff has not established that the living conditions were "so serious as to deprive Plaintiff of the minimal measure of life's necessities," Woods v. Edwards, 51 F.3d 577, 581 (5th Cir.1995)(quotation marks omitted). Even if the Court presumed that Plaintiff could show the living conditions were so serious, Plaintiff has alleged no resulting physical injury. To the extent that Plaintiff seeks damages for mental and emotional injury, there is a statutory requirement of a physical injury in order to recover such damages. Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury required by § 1997e(e) "must be more than de minimis, but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (quoting Siglar v. Hightower, 112 F.3d

191, 193 (5th Cir. 1997)).

Plaintiff has not alleged any injury from the unsanitary conditions described. Therefore, his claim for monetary damages is legally without merit. See Herman v. Holiday, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); Harper, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages); Alexander v. Tippah County, Mississippi, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*).

III. MEDICAL CARE

Plaintiff alleges that Ms. Endfield is responsible for denying Plaintiff medication on some occasion and for Plaintiff receiving another inmate's medication at some point in time. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and

wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825 (1994); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. Id. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. Reeves v. Collins, 27 F.3d 174 (5th Cir.1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320 (5th Cir.1991).

Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing. Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.

9

Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997). Plaintiff has not shown that the defendants intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001)(quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985)).

Moreover, as discussed herein, Plaintiff has failed to allege any physical injury whatsoever. Plaintiff cannot meet the statutory requirement of 1997e(e). In short, plaintiff's medical care claim is also frivolous.

Accordingly,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)©) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 10th day of December, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE